UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| YEHUDA FRAGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:16-cv-632-WTL-DML |
| ) | |
| INDIANAPOLIS COLTS, INC. ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on the Motion to Dismiss filed by the Defendant, Indianapolis Colts, Inc. ("the Colts"). Dkt. No. 8. The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

### I.   STANDARD

The Defendant moves to dismiss the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint fails to state a claim for which relief can be granted. In reviewing a Rule 12(b)(6) motion, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v. National Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012). For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (omission in original). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 638 F.3d at 334 (citations omitted). A complaint's factual allegations are plausible if

they "raise the right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

## II.     BACKGROUND

The Plaintiff, Yehuda Frager, has brought a claim for tortious conversion against the Defendant, Indianapolis Colts, Inc., alleging that the Defendant's refusal to renew the Plaintiff's season tickets for the 2016 season constitutes conversion of property that rightfully belongs to him. For the purposes of this motion, the Court accepts the following facts as true.

Over recent years, the Plaintiff has purchased and renewed a total of 94 season tickets from the Colts. In 2015, he renewed his 94 season tickets and paid the invoice. The standard invoice, submitted by the Plaintiff as an Exhibit to his Complaint, provides that "[e]ach ticket purchased grants a revocable license to entry into Lucas Oil Stadium and a spectator seat for a particular game." Dkt. No. 2 at 1.

The invoice further states: "The COLTS reserve the rights to allocate tickets and seat locations and to reject any order, transfer, or renewal." *Id.*  It also provides that season ticket holders may transfer ownership of their season tickets from "October 1st to December 31st." *Id.* Under the Colts' STR Marketplace Program, season ticket holders are permitted to transfer their season tickets to other people but must pay a thirty-percent fee to the Defendant in order to do so.  The Defendant rejected the Plaintiff's request that his tickets be renewed for the 2016 season.

## III.     DISCUSSION

"To state a valid claim for conversion, and thus survive a motion to dismiss, [a plaintiff] must allege facts showing that it has 'an immediate, unqualified right to possession resting on a superior claim of title' and establish the 'appropriation of personal property by another for that

2

party's own use and benefit in exclusion and defiance of the owner's rights.'" *Estate of Verdak v. Butler Univ.*, 856 N.E.2d 126, 136 (Ind. Ct. App. 2006) (quoting *Shourek v. Stirling*, 621 N.E.2d 1107, 1109 (Ind. 1993)).

The Colts argue that the Plaintiff fails to state a claim upon which relief can be granted because he cannot claim an ownership or possessory interest in the 2016 season tickets. The Colts argue that the invoice that the Plaintiff attached to his Complaint shows that the Plaintiff had no ownership interest in season tickets for the 2016 season. Specifically, the Colts point to the language of the invoice that states that each ticket is a "revocable license" and that "[t]he COLTS reserve the right[] . . . to reject any order, transfer, or renewal." Dkt. No. 2.

The Plaintiff responds by citing two cases in which bankruptcy courts found that a season ticket holder had an enforceable right to renew season tickets such that the tickets were considered property of a bankruptcy estate. However, the two cases cited by the Plaintiff in support of his claim are easily distinguishable. In *In re I.D. Craig Service Corporation*, 138 B.R. 490 (Bankr. W. D. Pa. 1992), each season ticket holder automatically received an annual offer to purchase season tickets and received the tickets after paying. The season ticket holder was allowed to transfer his holder status. Notably, while individual tickets contained language signifying that it was a revocable license, the same limiting language was not present in the handbook for season ticket holders. The court found an "expectancy interest" based on the practices of the Pittsburgh Steelers. *Id.* at 495. Likewise, in *In re Platt*, 292 B.R. 12 (Bankr. D. Mass. 2003), the team automatically sent renewal letters to the previous season ticket holders, who needed only to sign the invoice and pay the amount owed. The team also regularly allowed transfers. The court found that these practices "create[d] a property right in the season ticket holder." *Id.* at 17.

By contrast, the multitude of cases cited by the Defendant have found that a season ticket holder does not have a right to renew. Dkt. No. 9 at 7-8 (citing *In re Harrell*, 73 F.3d 218, 219 (9th Cir. 1996) (applying Arizona law) ("[A] mere expectation of renewal of an interest in property is not a property right."); *In re Livingston*, 28 F. Supp. 2d 623, 625-26 (D. Colo. 1998) (holding that the Denver Broncos had no duty to extend to the defendant any right to renew his tickets); *In re Liebman*, 208 B.R. 38, 39 (Bankr. N.D. Ill. 1997) (holding that a season ticket holder does not have a property interest in the right to renew); *Yarde Metals v. New England Patriots Ltd. P'ship*, 834 N.E.2d 1233, 1236 (Mass. App. Ct. 2005) ("The purchase of a ticket to a sports or entertainment event typically creates nothing more than a revocable license."); *Wichita State Univ. Intercollegiate Athletic Ass'n, Inc. v. Marrs*, 28 P.3d 401, 403 (Kan. Ct. App. 2001) (holding that an option to renew does not prevent the owner of the facility from revoking that option to renew for future seasons); *Soderholm v. Chicago Nat'l League Ball Club, Inc.*, 587 N.E.2d 517, 520-21 (Ill. Ct. App. 1992) (holding that a season ticket "consists of a series of revocable licenses" and the holder does not have a contractual right to an annual option to repurchase those tickets); *Bickett v. Buffalo Bills, Inc.*, 472 N.Y.S.2d 245, 247 (N.Y. Sup. Ct. 1983) ("[A] ticket to an entertainment performance or activity does not create a right in rem."); *Kully v. Goldman*, 305 N.W.2d 800, 803 (Neb. 1981) (holding defendant had no contractual right to purchase future season tickets); *Tauber v. Jacobson*, 293 A.2d 861, 865-67 (D.C. Ct. App. 1972) (defendant's course of conduct in buying football season tickets and selling them did not create any property rights)).

In this case, the clear and unambiguous language of the invoice makes clear that the Colts have retained the right to reject any renewal. While a season ticket holder may be permitted to transfer any rights he may have, those rights are created by the contract. The Colts simply are not

4

contractually obligated to renew a season ticket holder's account each year. The back of the invoice expressly curtails renewal rights. The intent of the Colts is clear from this language. As such, the Plaintiff did not have an ownership interest in season tickets for future seasons—including the 2016 season—and thus he fails to state a valid claim for conversion.

## IV. CONCLUSION

For the reasons set forth above, the Defendant's motion to dismiss (Dkt. No. 8) is **GRANTED** in its entirety. However, the Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**, and no final judgment will enter at this time in order to give the Plaintiff an opportunity to file an amended complaint that corrects the deficiencies in the current complaint. *See Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) ("The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.") (quotation marks and citation omitted). Accordingly, if the Plaintiff believes he has sufficient facts to support a valid claim against the Defendant, he may file an amended complaint to assert that claim within 14 days of the date of this Entry. Otherwise, his Complaint will be dismissed with prejudice.

**SO ORDERED: 11/9/16**

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.